AO 91 (Rev. 11/11) Criminal Complaint                                    AUSA Caitlin Walgamuth (312) 353-5311

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

PAUL IVERY

CASE NUMBER: 25 CR 609

**FILED**
9/28/2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about September 27, 2025, at Broadview, in the Northern District of Illinois, Eastern Division, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Section 111(a)(1) | Defendant forcibly assaulted, resisted, opposed, impeded, and interfered with persons designated in Title 18, United States Code, Section 1114, namely, officers and employees of the United States, while engaged in the performance of their official duties and such acts involved physical contact with the victims of that assault. |

This criminal complaint is based upon these facts:

  X   Continued on the attached sheet.

MATTHEW T GAUDER
Digitally signed by MATTHEW T GAUDER
Date: 2025.09.28 17:51:09 -05'00'

MATTHEW GAUDER
Special Agent, Homeland Security Investigations (HSI)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: September 28, 2025

_Judge's signature_

City and state: Chicago, Illinois

GABRIEL A. FUENTES, U.S. Magistrate Judge
_Printed name and title_

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

## AFFIDAVIT

### I. Introduction

I, MATTHEW GAUDER, being duly sworn, state as follows:

1. I am a Special Agent with the Homeland Security Investigations (HSI), and have been so employed for approximately 17 years. My current responsibilities include the investigation of white collar crime, including mail, wire, and bank fraud.

2. This affidavit is submitted in support of a criminal complaint alleging that Paul Ivery has violated Title 18, United States Code, Section 111(a)(1). Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that the defendant committed the offense alleged in the complaint.

3. This affidavit is based on my personal knowledge, information provided to me by other law enforcement agents, my review of body-worn camera (BWC) footage, and my training and experience.

### II. Facts Supporting Probable Cause

4. As detailed below, PAUL IVERY admitted that, on September 27, 2025, he attended a protest near the Broadview, Illinois immigration detention facility and approached a uniformed United States Border Patrol (USBP) agent and threatened

him by saying, in substance, "I'll fucking kill you right now" and "do something." IVERY then fled from USBP agents and, in an effort to resist detention, forcibly pulled a pursuing USBP agent's helmet to restrain the USBP agent.

5. On September 27, 2025, a large crowd gathered in protest of ongoing immigration enforcement operations being conducted by law enforcement authorities in the Northern District of Illinois. The crowd gathered in protest in front of the entrance to a United States Immigration Customs Enforcement (ICE) Facility located on Beach Street in Broadview, Illinois (hereinafter the "Broadview Facility"). USBP agents were working around the Broadview Facility to ensure the safe passage of vehicles into and out of the Broadview Facility. This included performing various crowd control functions outside the Broadview Facility.

6. According to Victim 1, Victim 1 serves as a Supervisory Border Patrol Agent with USBP, a federal agency. On September 27, 2025, Victim 1 was on duty with USBP. At approximately 5 PM, Victim 1 was assigned to Beach Street outside of the Broadview Facility to ensure the safe passage of vehicles into and out of the Broadview Facility, which included crowd control of protestors in the vicinity.

7. According to Victim 1, on September 27, 2025, while Victim 1 was providing back-up for another USBP agent, a man, later identified as IVERY, quickly approached him shouting at Victim 1. Victim 1 does not specifically recall what IVERY said to Victim 1 given the commotion.

8. According to Victim 1, IVERY immediately ran away from Victim 1 and jumped on top of an occupied civilian vehicle in the street, which resulted in damage

2

to the vehicle. Victim 1 ran towards IVERY (who was still on the vehicle). In an apparent attempt to flee from Victim 1, IVERY jumped off the vehicle, Victim 1 tackled him, and both IVERY and Victim 1 fell to the ground together. As Victim 1 attempted to control and subdue IVERY, IVERY grabbed the back of Victim 1's helmet and pulled Victim 1's head down by the helmet, briefly restricting Victim 1's movements and Victim 1's ability to see through his helmet. IVERY's actions also caused Victim 1's helmet to move askew thereby temporarily exposing him to pepper spray in the vicinity; it caused pain on Victim 1's chin from the helmet's chin strap; and forcibly pulled Victim 1's chin into his clavicle area. IVERY was subsequently restrained by Victim 1 and other law enforcement officers.

9. According to USBP agents, IVERY was subsequently arrested by USBP agents at approximately 6:30 PM on September 27, 2025.

10. On September 27, 2025, I, along with another law enforcement officer, encountered IVERY following his arrest by USBP agents. At approximately 7:10 PM, IVERY signed a written *Miranda* waiver and agreed to speak to the agents. In summary, and in part, IVERY subsequently stated the following:

    a. IVERY came to Broadview to protest against ICE. Specifically, IVERY explained his disappointment that ICE agents were disrespectful towards the Broadview Police Department and veterans, which was his basis for attending the protest.

    b. At one point during the protest, IVERY gestured with his middle finger toward multiple uniformed USBP officers at the protest. IVERY then

3

approached USBP officers until he was approximately six inches from the uniformed USBP officers and shouted words to the effect of "I'll fucking kill you right now" before enticing law enforcement officers to "do something" about his verbal threat of murder. After threatening the officers, IVERY attempted to flee the officers by running away and jumping onto a vehicle.

11. Victim 1 and other USBP agents were equipped with body-worn cameras at the time of IVERY's threat and flight from officers. As part of the investigation, I reviewed BWC footage of Victim 1, and other USPB agents, including at and around 6:30 PM on September 27, 2025 when the incident occurred. From my review of Victim 1's BWC footage from approximately 6:30 PM, IVERY is captured moving toward Victim 1 as Victim 1 walked down a street with other USBP agents who are focused on another apparent protester. It next captured Victim 1 in pursuit of IVERY, who is on top of a vehicle, consistent with Victim 1's statement. It does not capture any statements from IVERY or capture IVERY standing very close to Victim 1, as IVERY recounted in his interview.[1] Other USBP agent BWC footage that I reviewed shows IVERY's arm grabbing Victim 1's helmet after IVERY and Victim 1 are on the ground, consistent with Victim 1's statement.

12. As part of the investigation, I also reviewed a 1:23 second video posted to X, formerly known as Twitter, that appears to capture IVERY's flight from law

---

[1] Separately, USBP BWC footage from approximately 6:03 pm on September 27, 2025 (approximately thirty minutes before the incident), captures a man who is dressed consistently with IVERY standing on a sidewalk and yelling "do something" as USBP officers drive by in a vehicle.

4

enforcement and his detention. I recognize IVERY in the video based on my prior interview with him on September 27, 2025. Victim 1 identified himself in the video footage. In summary, the video is consistent with Victim 1's account of IVERY's flight from Victim 1 and IVERY's grab of Victim 1's helmet during Victim 1's attempt to subdue IVERY. The video captures IVERY continue to struggle and flail his body against Victim 1 and a second officer's efforts to subdue and detain him. It also captures an officer ordering IVERY to "give us your hands, give us your hands open" as IVERY continues to resist the officers' attempts to restrain. When an officer orders IVERY to "get on your back now," IVERY yells "No" and continues to struggle against the officers.

     13.    Victim 1, whom IVERY made physical contact with is an "officer of the United States" within the meaning of Title 18, United States Code, Section 1114, in that he was serving as an agent of the United States Border Patrol.

### III. Conclusion

14. Based on the above information, I submit there is probable cause to believe that on or about September 27, 2025, PAUL IVERY forcibly assaulted, resisted, opposed, impeded, and interfered with an officer of the United States, as designated in Title 18, United States Code, Section 1114, more specifically, a USBP agent, who was engaged in the performance of his official duties, and in doing so, IVERY made physical contact with the agent, all in violation of Title 18, United States Code, Section 111(a)(1).

FURTHER AFFIANT SAYETH NOT.

MATTHEW T GAUDER
Digitally signed by MATTHEW T GAUDER
Date: 2025.09.28 17:50:10 -05'00'

MATTHEW GAUDER
Special Agent, U.S. Immigration and Customs Enforcement

SWORN TO AND AFFIRMED by telephone September 28, 2025.

Honorable GABRIEL A. FUENTES
United States Magistrate Judge

6